Well, the first case for oral argument listed for this morning, and it is United States of America versus Joseph R. Johnson, Jr. Ms. Horn. Good morning, Your Honor. May it please the court. My name is Abigail Horn and I represent the appellate Joseph Johnson. May I please reserve three minutes for rebuttal? Granted. Thank you. Mr. Johnson's conviction must be reversed for two reasons. First, the evidence was insufficient to prove the materiality element of Section 1001. And second, there was a constructive amendment to the indictment, an error which the government concedes challenging only issue preservation. Let's start with number one. And I'm curious as to what the record shows with respect to preservation of the insufficiency issue. And then in a more particular way, what was shown and how the materiality issue was preserved. Yes, Your Honor. So we believe that the issue was preserved. We also believe that we win under either standard of review. So let me say that at the outset. By either, you are including plain error? Yes, Your Honor. Go ahead. I think the easiest way to find that the issue was preserved in this case is to look at the response of the government and the district court to the Rule 29 motion. But the government and the court don't preserve issues, right? At least insofar as the defendant's claims are concerned. They don't, Your Honor. However, we've given the court numerous cases where we have a short Rule 29 motion of the sort that we have here. Three sentences, 30 seconds at most. And where the court sees some ambiguity as to whether that's a general or specific motion, they do look to the government and the court's response. That's the Tonko Bias case, looking to the fact that the government perceived it as a general motion. That's Chance and Marston, looking to the fact that the court perceived it as a general Rule 29 motion sufficient to preserve the sufficiency of evidence for all elements. Isn't isn't the game set and match for you on that issue, however? What we have at least stated non-precedentially, and it is not precedent, but this court has certainly suggested that and it would be irrespective of the point you're making right now with respect to government response and what the court did, that leaping ahead to plain error review, I mean, we've pretty much suggested that we've got to reach the sufficiency issue. Haven't we? Yes, the court has to resolve the sufficiency issue. The court can't, for example, move to issue two because there would be a double jeopardy question. So really, that's your strongest argument, isn't it? I agree, Your Honor, that the court must resolve the issue. I also agree. If you were to find that the issue was not preserved, we're in the world of, let's say, client, the Supreme Court decision reversing for the government's failure to prove an element on plain error. We're within this court's recent statements in HERA that the court has repeatedly found that the prosecution's failure to prove an element satisfies prongs three and four. Jones, Gatos, this court has repeatedly held that the government's failure to prove an element of the offense at a jury trial satisfies the third and fourth elements of plain error. And the government does not argue otherwise. It does not raise any freestanding prong three, four, or prong two argument in this case. So under either standard, you say you prevail. So let's go to the materiality question itself. And tell us what your take is on our decision in McBain and how you briefly alluded to that in your brief. But tell us how this case fits in or doesn't fit in to the McBain decision. Yes, Your Honor, and thank you for the letter highlighting the case. It is appreciated. McBain is a statement that was a lie to the FBI, certainly material, but there was a nuance about the timing. It came after the agents had essentially completed their investigation. And what this court held in McBain is that nuance of timing. Those individual circumstances weren't a defense. Instead, the court had to look at it under, quote, normal circumstances and say, would this have been capable of influencing the FBI? The parallel in Mr. Johnson's case would be, let's say he made a false statement that was definitely material to the litigation, but he made it after summary judgment had been granted, after the case had settled. Under McBain, that nuance of timing wouldn't have been a defense. But we're not raising any kind of argument of that sort here. There aren't simply individualized circumstances that this court needs to strip away. The problem with the government's case here, unlike McBain, is the complete failure of proof to establish materiality to any of the decisions that the government has identified. So in answer to the court's question, we don't believe that McBain has much to bear on this case. OK, what about the fact when, you know, this this precipice gets filed, it gets filed. Counsel calls Judge Rubino's chambers and says, I was notified about the filing of this precipice. I didn't file it. And Judge Rubino enters an order. Isn't that sufficient to establish, at least as to that order, that the false statement was material? The government puts a lot of weight on this fact that the court struck it from the docket. And it actually argues that same fact in two different ways. Well, has the government been clear here on what the decision was? No, Your Honor. At trial. What's your position as to what the decision was, if there was one? The government's appellate theory is that the decision was whether the docket, whether the document could be filed in the first place. That's their appellate theory. That wasn't what they argued to the jury. What they argued to the jury was that by striking the document, the judge, quote, took action. And then they also argue that the document was on the docket and the judge consults the docket for the history of the case. So it is quite muddled, Your Honor. Wasn't that wasn't that the point I just made in my question, that it was at least material as to that action taken by Judge Rubino?  Let me address. I'll try to get to the two ways that the government argues from struck, struck it from the docket. The first one is that the judge, quote, took action. And as we explain in our brief, that's not a decision for the purposes of materiality. Materiality doesn't mean prompting some action. Every false statement to a government agency is going to prompt which is simply another way of saying that every time a judge makes a ruling or the judge makes a decision, it is not necessarily material to for materiality purposes to a prosecution. That's right, Your Honor. The Second Circuit made this point in Litvak where the government came in and said the false statement was referred for investigation. And the Second Circuit said if that counted as a decision for materiality purposes, we would read materiality out of Section 1001. No federal agency is ever going to consider a false statement. It's going to be always set aside. So that can't be the decision. We're not, of course, a federal agency. We're an independent or third branch of government, which which does raise a question as to whether or not any of these cases that arise under 1001 in the administrative agency setting, for example, differ in any way or have import that is not applicable to a case before court. I don't believe the nature of the government decision maker makes a difference, Your Honor. I do think there is perhaps a temptation because this court is so familiar with with district courts to perhaps rely on some background information. And frankly, I think the court needs to resist that temptation. We need to have the same record in this case as if we were dealing with something that may be less familiar, the Coast Guard, for example. The government still needs to make its trial record, and we can't rely on what we as lawyers or judges happen to know about district courts. The other way. What's the difference in your mind between the reliance interest that's created under 1001's material standard and the concept of actual reliance? I understand that you don't need to actually take an action, but you do need something that has the natural tendency or the capability of influencing. So how would you sort of split that world? Because it seems as though that helps answer your hypothetical. Most of the investigatory decisions are ones where it's a decision as to whether to go forward or not. Right here. It's a question of whether or not it alters to kind of think of it from another context, the total mix of available information that might influence a decision. And so I'm wondering, how do you kind of split that out in between saying you don't need actual reliance, but you do need something that's capable of influencing? And why wasn't this document, this filing, capable of influencing the court's determinations in this in this matter? I'm trying to figure out the question exactly, Your Honor. I think the problem is that the government has a proof problem here. There are perhaps questions that the government could have asked the presiding judge to establish that this filing might have had some influence on the litigation. Let's put aside a proof problem and there may well be proof problems here. But I mean, don't we have to start with a resolution of what the decision is? Don't we have to know that? What was the decision? And if the decision was the court's determination to strike the offensive document in the record, that had been filed, isn't there something tautological about that? That is that the decision to strike is dependent, necessarily follows, is a but-for nature. If there hadn't been this offensive filing in the first place, there wouldn't be a decision. But how does that translate into materiality? And I'm going to be interested in hearing from the government, certainly, on that question. It does not. And that's because it was struck because of the lie, not because it's material to any decision. And the judge's order says that this filing was fraudulent. It was not filed by the attorney whose name appears upon it. If we go back to the very basic. It's pretty important, though, isn't it? I mean, this court has it may or may not impact upon the rationale of our decision, but we certainly need to be concerned about the integrity of our docket. Right. Yes, Your Honor. And there's no question that lying to the court is a bad thing to do. And there's no question that the falsity element would be established. But as this court recently said in Hannah, we don't punish bad acts. We punish criminal offenses. And it's the government's burden to establish each element. Here, striking the docket, striking the filing from the docket shows that it establishes the falsity element, but it does not establish materiality. Well, I guess let's let's dig deeper into that statement in what happened here was this docket, this let's call it a piece of paper because that's how it started. OK, it got scanned and it became a docket item. I mean, this this is no small matter. This is no small matter. It's a false document. That's put on the docket. You'll agree with the fact that it's false. You have to agree with that. Yes. OK. As to that document. Isn't the fact that. If the proof was here. Wasn't the fact that that document and the acts that Johnson took to get that document to the docket, wasn't that material as it relates to that document? I disagree with your honor. I certainly am not here to tell the court that this wasn't a serious act and one that the court was right to take. Now we got the serious. Now you got the serious maybe. But does it get it all the way to material? It does not, your honor. And that's because the lack of proof would require us to speculate. And let me give two cases for that. The first one is the Ismail case from the Fourth Circuit where the defendant gives a false name and a social security number to a bank on appeal. The court says, yes, we can imagine that would be a problem for the bank. That could be material, but it's not in the record. But that, again, is an evidentiary issue. And in arguing it that way, I'm not sure you are making a point helpful to your cause or at least making a point that we need to reach it material as to what? And we can't be talking about materiality here in the abstract material as to what we know in your own words and in the words of Judge Fisher. Serious. And I've characterized what happened here in the institutional interests of the judiciary. This is important. Serious. This is offensive. Indeed, there there are probably remedies available short of a 1001 prosecution for dealing with this, like a Packer type injunction that used to be entered with respect to frivolous filings and the availability of contempt in the event of a violation. But material as to to what? What do you understand the government's theory to be? And the government can speak to this as to what this is material to. Yes, I think that's precisely the government's problem. They've been fuzzy about this on appeal. I think they've settled in on it enabled the document to be filed. That seems to be their appellate theory. Now, that wasn't argued to the jury. And I think, you know, under due process and as a matter of Mr. Johnson's jury trial, right, they can't come in and raise that theory now on appeal. But nevertheless, they have. They seem to say the decision is whether to docket the filing in the first place. That was whose decision was that? Well, it can't have been the civil judge didn't get to it until after the filing. This wasn't the judge's decision to docket. I agree, Your Honor, and that's why in the reply we cited the testimony of the civil docket clerks who says what he said, when a hard copy comes in, we scan and upload it. It's it's docketed. And so there was really not any. Kind of discretion evinced in that material in I'm sorry, in that ministerial act of scanning and filing that was described in the testimony, was there? I mean, no, it was a mechanical. Exactly. And so the government's then forced to kind of go backwards and say, well, the fact that it was struck from the docket somehow proves that only an attorney can file something. But that that simply doesn't follow. The fact that it was struck proves that it was a lie, as the order says. Judge, maybe I stepped in earlier after you had asked a question of make sure you have an opportunity to get in here before. And thank you, Judge Fisher. Anything before we have counsel back on the bottle? I'm fine. OK, you have three minutes of rebuttal, I guess. And we'll see you. Thank you, Your Honor. Thank you. Ms. McKillop. Please, the court. My name is Emily McKillop. I represent the United States of America. And Your Honor, since you were involved in such lively discussion with my learned colleague, I will address the materiality point. Before we before we get to that, and it certainly is highly material with the materiality issue. What was the decision? And isn't, is Horne correct that the government has not been a model of consistency in what it said in the district court and what it said on appeal? We do not agree with our opponent's position on that. Your Honor, we believe the government's position on materiality has been consistent throughout that the identity of a person making a filing matters. And furthermore, we. How does this is certainly a root word for materiality, but it's not the same. In this in these circumstances, Your Honor, I believe it is. And I would remind the court of the standard we're applying. Plain error, yes, we find no evidence whatsoever that the materiality argument was preserved. But even if they prevail on that, the standard is whether any rational juror could find. That. This was material, it is a very this is an insufficiency argument, and that is the standard that applies to an insufficiency argument, so it is a very lenient standard. You're saying it's very it's you're citing Hendrickson. Your Honor, I was not speaking with a particular case in mind, but that is the standard that I've been accustomed to very deferential standard to set aside a very differential standard. It is, but it ain't the same as relevancy, is it? That's a very broad concept. Relevancy is a very broad concept. Yes, reality is more. Reality is slightly different, but we do need lightly different. I'm sorry, slightly different. Somewhat different, different. It is different. Your Honor, Mr. McKillop, let me ask you this question. If you focus on 18 U.S.C. 1001 A2 and I think you're this is an A2 case, was it not? Yes, Your Honor. OK, it says makes follow me just for a second. Aren't many were makes any materially false. Fictitious or fraudulent statement or representation. OK, are we talking here about a writing? Are we talking here about a fictitious or fraudulent statement or a representation? What are we talking about? Because that's where I think the government's vacillated throughout the course of this as to what the actual crime was. Your Honor. As charged in the indictment, the crime is that Mr. Johnson and he no longer denies identity, Mr. Johnson. Represented that this package of documents was being filed by Dolores Troyani. So are you saying that's a representation? It is a representation as well as a statement, Your Honor, I am not aware. So you're saying it's a statement of representation. Yes. The actual filing of the document. Yes. The delivery of the document, actually, it's the delivery. He didn't. Your Honor, I would remind the court that Mr. Johnson was also charged with aiding and abetting. So I would not focus too much on the fact that this was made in a documentary form. And the evidence is abundant that he was involved in preparing that package. His fingerprint was on the inside, the sticky side of the tape that sealed that package. But identity is not an issue. Yes. Right. So. But it's clear that he aided and abetted if he did not. You know, if we get hung up on the fact that a person or person is unknown, possibly an accomplice. Let me follow up on a statement that Judge Smith, Chief Judge Smith, asked your opponent. Material as to what? Our position is that the identity of a person filing with the court is material. And in this case, it was material because it enabled this pile of documents to pass with minimal scrutiny onto the docket. And had Ms. Troiani not been as on the ball as she was, it would have remained on the docket. And that was a fine counsel. But where was that your argument at trial? And when where was this seduced in terms of evidence argument to the jury? Certainly your argument now. But where did you make this a trial? Your Honor, it was made in a more brief and succinct manner. But we submit it is the same concept. It is that the identity matters. And because the identity matters, that is why. Matters as to what? I get it as far as acknowledging certainly that the filer here was not the person who filed the case. He purported to be. And that's a serious matter. It is a serious matter. That matters. But is it material for purposes here? And the materiality is is inextricably intertwined with the determination of what the decision was. There were actually we could say there were two decisions here, maybe more. But there was there was not only the decision to strike. There was also the decision to refer this whole matter to prosecution. Right. That was made, Your Honor. That may be an explanation of one of the factors that caused the case to be filed. And I'll address those if the court decides. We do not believe that that referral for prosecution bears on the materiality inquiry before the court.  We can get that off the table. Oh, yeah. I did not understand that ever to be on the table. No, I didn't either. But I was simply suggesting that there was more than one. Your Honor, as you said. Can we just pick up on the chief's question for a moment? If we're taking off the table, the referral to prosecution. Let's suppose that we're not persuaded that the filing that your theory that you're raising now isn't on the table either. OK, what is on the table? And I think this is just another way of asking the chief's question again. Material relevant to what? What is the argument you made to the jury to satisfy your burden of proving all the essential elements beyond a reasonable doubt that we're now looking at in this appeal? That the truth of things averred on the docket of the court, and in this case, we are not talking about the contents of the filing. What the. Save save for the signature of the name. We are talking about the purported identity of the filer, as Judge Smith. Articulated better than I can. The. Court's internal functions, including the docket matter, they are important. It is necessary to Judge Rebrano, as he testified, but to all of us that they be maintained in a truthful form. And this violated that. They didn't testify to that, though, did he? I mean, my recollection of Judge Rebrano's testimony is that it was fairly sparse. It was. And in fact, the government at trial did not really seek to take him through in detail why the docket mattered, why docket entries were of particular importance. It seems he did not testify to much more than the fact that he looks at and considers the docket and its entries as a historical record. I think he used the word historical, didn't he? Or is history? I don't recall that he used the word historical. Your Honor, he certainly said that whenever he's called upon to take an action, he reviews the docket to see what the both present status of the case. As well as the historical status is, the United States District Judge relies on that. To what extent? He considers it important in his decisions. To what extent? Since you've said the United States District Judge, you know, I've wanted to stay away from the personal or from the individual experience. But I was a trial judge for 18 years, 14 of them on the district court. I rarely paid attention to a docket. Now, in the modern days, because I'm old, people are judges, district judges are constantly making various docket entries, rulings that appear that way. I rarely paid attention to a docket. Almost a disconnect between a docket and what I did as a district judge. What happened before me as a district judge was what was unfolding in a courtroom. And the evidentiary presentation and the evidentiary determinations I needed to make. So I start with that as a kind of experiential background. That what's in a docket is only occasionally going to impact on how a judge rules, what a judge's decision is going to make, going to be made in the course of litigation or the course of a prosecution. Shouldn't that have some impact here on our materiality determination or not? Well, Your Honor, your practice appears to have been different from that testified to by Judge Fabrano. It does, but he does rely on it. And perhaps, Your Honor's memory for the status of a case and what had transpired before that might have bearing on what was transpiring before you that day is better than Judge Fabrano's. No, my memory is pretty foldy anymore. I wouldn't want to rely on it for much of anything. Your Honor, I feel your pain. But to focus on the record, we do have the judge assigned to the case who testified. He does consider docket entries to be important. And I think it is important that the materials on the record... Did he explain how it was important or material to any decision he made in this case? Did he explain that in his testimony? That, um, that's not what's before us. It is not with it is not required to be material to the merits of the case. It is required to be material to a decision or function of the agency. And I know, Your Honor. So you're saying it's material to his order striking it from the docket? It is material to the maintenance of the docket, the truth and the reliability of the docket. He struck it... His action of striking it demonstrates how important that is because he obviously found it vital that this be corrected, that it be removed from the papers on which he relied in part in conducting his proceedings. You know, did it have the document itself? This IRS form, which was the crux of the document. There were a number of... It was quite a stack that was attached, but that was part of it. And it was a form... And the complaints that were attached. And the complaints, yeah. Did they have any materiality to the case? Your Honor, there is no evidence in the record that they played any part in the decision to strike the pleading. If you will review the record, you will find that Ms. Toriani contacted the judge's deputy and told him that she had not filed this document. Mr. Vance, the deputy... But your answer is it doesn't matter. My answer is nobody looked at the contents of this as far as it appears in the record. I understand that. The falsity of the identity was the crucial point. Now, to Mr. Johnson, of course, the contents were the important part. And he wanted, as his previous e-mails exchanges had demonstrated, he wanted wide dissemination of his scurrilous information about the plaintiff. That mattered to him. What mattered here is that a person had made a false representation that basically perverted the court's own procedures. It does not have to be, as counsel seems to urge, my opposing counsel seems to urge, it does not have to be the merits of the underlying case. It does not have to bear on whether... Let me spot you that. And let me just spin out a very imperfect and top of my head hypothetical here. But it seems to me that you and I agree, maybe all of us here agree, that what made what occurred here on the docket most egregious was the misrepresentation of the filer, that it was not the attorney who it was represented to be. Do you agree with that? Okay. That's what started the event. Okay. Let's assume this was not discovered when it was discovered. Let's assume this was not discovered until an evidentiary proceeding was unfolding before the judge. Let's posit it as arguing a motion in limine on a piece of evidence that the defense wanted to exclude. And this turned on relevancy and, at some point, the courtroom deputy brings to the attention, because the courtroom deputy is always familiar with what the docket says, to the judge's attention and points out this filing. And it is determined that the filing was false, but only after the judge, after hearing argument from both sides on this relevancy question, which required certain facts to be adduced, says something that reflects upon the credibility of counsel, counsel whose identity had been represented. If you did this on a docket, brought all of this in, and did so at the very best, irrelevant matter to my attention, why should I pay attention to your argument here? Now, if that had occurred, you would have a pretty easy case, wouldn't you, in demonstrating materiality. There we have the judge pointing to the falsehood, and a falsehood for which counsel before him was in no way responsible, and he was prepared to hold against counsel misbehavior, if you will, or at least bad judgment. That would be an example of how such a false filing could have been material here, right, in that hypothetical. Yes, Your Honor, but it has never been held that a fraudulent scheme, which this was, must be successful in order for it to be a crime. Mr. Johnson's stratagem was discovered immediately. My hypo wasn't ultimately successful either. It was just intended to give an example of how, in fact, this misidentification played out and came very close to redounding to the detriment of counsel whose identity had been misrepresented. Your Honor, that would be a much easier case. But we do not agree that that means that ours is necessarily deficient. We do believe that on these facts, a rational jury could have found that the misrepresentation of Ms. Troiani's identity was material to a function of the United States District Court. I see my time is up, as the Court has no other questions. Judge Maney, do you have anything to add on the issue of constructive amendment? I know you've conceded that there was a constructive amendment, but you don't see that there is. We have, Your Honor, the language of the jury instruction correct, subsection 3 of 1001 instead of subsection 2, which was what was charged in the indictment. So there was a variation there. However, we do take the position that this was not preserved. Unlike my worthy opponent, we do believe that Rule 30 of the Federal Rules of Civil Procedure matters. And it places an obligation on a person who has a quarrel with the jury instruction to put that on the record. Assuming the constructive possession that you've conceded, where's the prejudice here? And of course, I'm going to want to hear from the defense court. Your Honor, I cannot conceive of a situation, I mean, I cannot conceive of any way in which on these facts, it would have made any, it could have made any difference to a jury whether the made or used language or just the made language was used. On these facts, at least. On the whole evidentiary record before the court, we made the decision to concede it as a constructive amendment, just because the difference in the jury instruction versus the indictment was so plain. But if you look at it from the standpoint of, and I apologize for mispronouncing these names, the Repack or Repack decision, or Derio, and I believe that's where the court's coming from, this is simply not a case in which the defendant could have been convicted on conduct not charged in the indictment. Thank you very much. Thank you. Ms. McKillop, Ms. Horne, we'll have you back for rebuttal. Thank you. Thank you, Your Honors. Briefly on materiality, the government was asked several times, what decision are you arguing? And the government still wavered, even at the bar of this court. They said a few definitive things about what they're not arguing. They're not relying on the contents of the filing. They're not relying on any impact on the merits of the civil litigation. They're not relying on the fact that the judge referred this for investigation. The clearest answer I heard was that the false statement enabled this pile of documents to pass onto the docket. But then when the government was asked by Judge Mady where that was argued to the jury, they did not have any citation and all they could say was the same concept was somehow made. So I don't think those answers are satisfactory to establish materiality. If the court would like to hear about constructive amendment... I'd like to hear where the prejudice is. Yes, Your Honor. May I first say that Appendix 90 is the specific place where this issue was preserved in the written objections to the government's proposed jury instructions and therefore there is a per se error here. There's no prejudice showing required under Centeno, McKee, Siney, and Vosburgh. You did not reiterate it once the charge was given. Your Honor, that's an interesting point. The first thing is whether this is Rule 51 or Rule 30D in our brief. Well, assuming it's Rule 30. Okay, assuming that it's Rule 30 and I think the outcome is the same either way. There's no requirement to renew a specific objection that's already been made. This is the Leary case cited in Jones. What Jones says is that if you merely request a jury instruction that's not given, that you must reiterate because it forces the judge to infer what objections might be implicit in that request. But if there is a specific objection already made, as in Leary, where the objection was made at the close of the government's case before the charge, that's not required to be reiterated. And so the specific objection made in this case to the government's points for charge was sufficient to establish both prongs, even if we're under 30D. It was specific and it was made before the jury retired to deliberate. I don't think there's much question that that preserves the issue. Well, if that's the case, then you prevail on the fact that there's a constructive amendment, correct? Yes. Okay. I mean, all right. Anything further? Thank you, Your Honor. Thank you, Ms. Horne. Thank you, Ms. McKillop. It's an interesting case. We will take it under advisement.